IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Jerod Emmanuel McCullock, | ) | No. CV 07-2274-PHX-JWS (ECV) |
| Petitioner, | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | |
| Katrina Kane, | ) | |
| Respondent. | ) | |

TO THE HONORABLE JOHN W. SEDWICK, UNITED STATES DISTRICT JUDGE:

Pending before the court is Petitioner's *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  Doc. #1.

**FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner, who is a native and citizen of Belize, entered the United States on August 7, 1980, pursuant to an immigrant visa.  Doc. #15, Exh. 1.  Following convictions for attempted aggravated assault in 1995 and possession of narcotic drugs in 2000, the former Immigration and Naturalization Service filed a Notice to Appear against Petitioner on January 30, 2002, alleging that he was subject to removal from the United States based on the drug conviction.  Doc. #15, Exh. 2, 5, 7.  On November 7, 2006, an additional charge of revmovability was added based on the aggravated assault conviction.  Doc. #15, Exh. 8. Petitioner was transferred to the custody of Immigration and Customs Enforcement (ICE) on

October 2, 2006, after completing his prison sentences. Doc. #15, Exh. 10, Doc. #1 at 4. He has been detained by ICE since that date.

On January 17, 2007, an Immigration Judge (IJ) ordered Petitioner to be removed from the United States to Belize. Doc. #15, Exh. 15. In addition, the IJ denied Petitioner's requests for cancellation of removal and relief under the former § 212(c) of the Immigration and Naturalization Act. Id. Petitioner then filed a timely appeal to the Board of Immigration Appeals (BIA). Doc. #15, Exh. 16. On May 9, 2007, the BIA dismissed the appeal. Doc. #15, Exh. 17.

On May 31, 2007, Petitioner filed a Petition for Review and a request for stay of removal in the Ninth Circuit Court of Appeals. Doc. #15, Exh 18, 19. On the same day, the Court granted the stay pending resolution of the petition for review and set a briefing schedule. Doc. #15, Exh. 20. As of this date, the case remains pending before the Court of Appeals.

Petitioner filed his *pro se* Petition for Writ of Habeas Corpus in this court on November 20, 2007. Doc. #1. Petitioner alleges that his continuous detention since October 2006 is unconstitutional. Id. at 4. He asks the court to either grant supervised release or order Respondent to hold a bond hearing.

On February 4, 2008, Respondent filed a Response in Opposition to Petition for Writ of Habeas Corpus, in which she argues that Petitioner's continued detention is lawful and mandatory under 8 U.S.C. § 1226. Doc. #15 at 4. Petitioner filed a reply on February 22, 2008. Doc. #16.

On September 17, 2008, this court directed Respondent to file an amended response to the petition in light of two recent Ninth Circuit cases, Casas-Castrillon v. DHS, 535 F.3d 942 (9th Cir. 2008) and Prieto-Romero v. Clark, 534 F.3d 1053 (9th Cir. 2008). Respondents filed an Amended Response to Petition for Writ of Habeas Corpus on October 10, 2008. Doc. #19. Petitioner then filed a reply to the amended response on October 21. Doc. #20.

**DISCUSSION**

Respondent concedes in her amended response that Petitioner, like the petitioner in Casas-Castrillon, is being detained under 8 U.S.C. § 1226(a), not § 1226(c) as she originally argued. Doc. #19 at 2. Respondent further acknowledges that under Casas-Castrillon, Petitioner is entitled to a bond hearing. Id. However, Respondent asks the court to hold the matter in abeyance for thirty days so Petitioner can request a bond hearing. Respondent argues that a letter was sent to Petitioner informing him he may request a bond hearing. She further contends that the letter explained how to make the request.

In Casas-Castrillon, the court held that because prolonged detention of aliens awaiting judicial review without adequate procedural protections would raise serious constitutional concerns, "§ 1226(a) must be construed as *requiring* the Attorney General to provide the alien" with a bond hearing. Casas-Castrillon, 535 F.3d at 951(emphasis in original). An alien detained under these circumstances is "entitled to release on bond unless 'the government establishes that he is a flight risk or will be a danger to the community.'" Id. (citing Cooper v. Oklahoma, 517 U.S. 348, 363 (1996)). Absent evidence that the government has already afforded a habeas petitioner under these circumstances a bond hearing that complies with these requirements, the petitioner should be released unless the government provides such a hearing within 60 days. Casas-Castrillon, 535 F.3d at 952.

Casas-Castrillon makes it clear that an actual hearing is required. Nothing in that case suggests that simply sending petitioner a notice of the opportunity to request a hearing is sufficient to avoid the constitutional concerns created by the prolonged detention of aliens awaiting judicial review of their removal orders.

This point is especially clear in this case in that Petitioner's reply to Respondent's amended petition asks this court, rather than the appropriate administrative authority, for a bond hearing. Doc. #20. Petitioner's right to a bond hearing under these circumstances does not depend on whether he properly follows Respondent's instructions to request one. Accordingly, the court will recommend that the petition be granted and that Respondent

either release Petitioner or provide a bond hearing within 60 days. The court will further recommend that the request to hold the case in abeyance be denied.

**IT IS THEREFORE RECOMMENDED:**

That the Petition for Writ of Habeas Corpus (Doc. #1) be **granted** as follows:

That the District Court Judge order Respondent to release Petitioner, unless within 60 days of the District Court's Order, Respondent provides a hearing to Petitioner before an Immigration Judge with the power to grant him bail unless Respondent establishes that he is a flight risk or will be a danger to the community; and

That Respondent's request in her amended response (Doc. #19) to hold the case in abeyance be **denied**;

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have ten days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation. See Fed. R. Civ. P. 72.

DATED this 30th day of October, 2008.

_____
Edward C. Voss
United States Magistrate Judge