IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jerod Emmanuel McCullock,  )<br>             )<br>       Petitioner,  )<br>             )<br>vs.  )<br>             )<br>             )<br>Katrina Kane,  )<br>             )<br>       Respondent.  )<br>             )<br>_____) | No. CV 07-2274-PHX-JWS (ECV)<br><br>**AMENDED REPORT AND**<br>**RECOMMENDATION** |

TO THE HONORABLE JOHN W. SEDWICK, UNITED STATES DISTRICT JUDGE:

Pending before the court is Petitioner's *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Doc. #1. On October 31, 2008, this court issued a Report and Recommendation (R&R) in which it recommended that the District Court Judge order Petitioner's release unless within 60 days of the order Respondent provided a hearing to Petitioner before an Immigration Judge with the power to grant him bail. Doc. #21. On November 19, Respondent filed a Notice of Suggestion of Mootness in which she asserts that Petitioner has received a bond hearing, thereby rendering moot his habeas petition. Doc. #22. Petitioner filed a Reply to Respondent's Notice of Suggestion of Mootness on November 26. Doc. #23. On December 10, 2003, the matter was referred back to this court for an amended R&R in light of the developments since the previous one. The factual and procedural background of the case was set forth in the previous R&R and will not be repeated here.

1  Respondent contends that the habeas petition is now moot because Petitioner received
2 the relief he requested, an individualized bond hearing. At that hearing on November 17,
3 2008, the Immigration Judge granted Petitioner's request for a change in custody status and
4 ordered Petitioner to be released upon a posting of bond of $25,000. Doc. #22, Exh. 25.
5 Respondent argues that the district court is without jurisdiction to review the reasonableness
6 of the bond and, therefore, nothing remains for the court to review.

7  Petitioner contends in his reply that the District Court should adopt the previous R&R
8 because Respondent failed to file objections to it within the required ten days. Additionally,
9 Petitioner asserts that Respondent has filed a Notice of Intent to Appeal the Immigration
10 Judge's decision to set a bond in this matter. Doc. #23, Exh. A. As a result, an automatic
11 stay of the decision has been imposed pursuant to 8 C.F.R. § 1003.19(i)(2). This provision
12 requires that the custody redetermination order remain in abeyance pending decision of the
13 appeal by the Board of Immigration Appeals. Id. Petitioner argues that by filing an appeal,
14 Respondent is preventing him from being released on bond. Accordingly, Petitioner
15 contends that a controversy still exists and the case is not moot.

16  First, regarding Petitioner's contention that the District Court should adopt the
17 previous R&R, such action would be futile in light of the fact that Petitioner has already
18 received the relief that this court recommended. An Immigration Judge with the power to
19 grant bail held a hearing on November 17 and changed Petitioner's custody status.
20 Accordingly, the court will not recommend that the District Court Judge adopt the prior
21 R&R.

22  Second, to the extent that Petitioner is challenging Respondent's appeal of the custody
23 redetermination, that must be done at the administrative level before the Board of
24 Immigration Appeals. As Respondent points out, the District Court is without jurisdiction
25 to review the Immigration Judge's bond determination. See 8 U.S.C. § 1226(e); Prieto-
26 Romero v. Clark, 534 F.3d 1053, 1067 (9th Cir. 2008). Accordingly, Petitioner's argument

that a continuing controversy exists in this case based on Respondent's appeal of the bond determination is without merit.[1]

Because Petitioner has received the relief sought in his habeas petition, there is no longer an actual controversy and this action is moot. See Biodiversity Legal Foundation v. Badgley, 309 F.3d 1166, 1173 (9th Cir. 2002) ("When a controversy no longer exists, the case is moot."). The court will therefore recommend that the Petition for Writ of Habeas Corpus be denied.

**IT IS THEREFORE RECOMMENDED:**

That the Petition for Writ of Habeas Corpus (Doc. #1) be **denied and dismissed without prejudice**;

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have ten days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the

---

[1] The constitutionality of the automatic stay regulation at 8 C.F.R. § 1003.19(i)(2) has been successfully challenged by habeas petitioners in several district courts. See e.g., Zavala v. Ridge, 310 F. Supp. 2d 1071 (N.D. Cal. 2004) (automatic stay violates substantive and procedural due process rights); Ashley v. Ridge, 288 F. Supp. 2d 662 (D.N.J. 2003) (same); Uritsky v. Ridge, 286 F. Supp. 2d 842 (E.D. Mich. 2003) (automatic stay provision violates substantive due process rights). Because Petitioner has not alleged such a claim here, the court will not address it.

findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation.  See Fed. R. Civ. P. 72.

DATED this 18th day of December, 2008.

_____
Edward C. Voss
United States Magistrate Judge